FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 12:31 pm, May 26, 2020

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 215-001 |
| MICHAEL IRVING SELLEY, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Michael Selley's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 66. For the reasons below, Selley's motion is **DISMISSED**.

### BACKGROUND

In April 2015, under a written plea agreement, Selley pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Dkt. Nos. 44, 45. In June, the Court sentenced Selley to ninety-seven months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 49. Selley did not directly appeal. In June 2016, Selley moved to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255, and the Court denied his motion. See Dkt. No. 64. According to the BOP website, Selley is currently incarcerated at FCI Elkton located in Lisbon, Ohio, with a projected release date of December 16, 2020.

Now Selley moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Selley's motion is based on the COVID-19 pandemic and his concern for his health.  As the Government notes, however, Selley has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).  Here, Selley does not allege in his motion that he attempted to exhaust his administrative remedies.  See Dkt. No. 66.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19.  The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court.  Having found that Selley has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Selley's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020)

("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Selley's motion, dkt. no. 66, is **DISMISSED**.

**SO ORDERED,** this 26th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA